# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH CALLISON,<br><br>        Plaintiff<br><br>    v.<br><br>SAMUEL LOPEZ,<br><br>        Defendant | CASE NO. 1:18-CV-0970 AWI<br><br>ORDER RE: MOTION TO WITHDRAW REFERENCE FROM BANKRUPTCY COURT |

On June 8, 2014, Plaintiff was injured in a boating accident. Defendant was the owner and driver of the boat. Plaintiff filed suit against Defendant in Tulare County Superior Court on July 14, 2014. Defendant has filed a Chapter 7 bankruptcy on September 5, 2014. Plaintiff filed this adversary proceeding against Defendant on November 21, 2014 seeking damages under a personal injury tort claim. Plaintiff now seeks to have the reference to the bankruptcy court withdrawn and for the tort claim to be heard by the district court. Doc. 1. The motion in unopposed. "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). These claims must be handled by the district courts because "Article III precludes bankruptcy courts from entering final judgments on tort claims founded on state law." Marshall v. Stern (In re Marshall), 600 F.3d 1037, 1068-69 (9th Cir. 2010), Kleinfeld concurrence, citing N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). Plaintiff's motion

for withdrawal of reference is GRANTED.  As it does not appear that a copy of the operative adversary proceeding complaint is in the docket of the district court case, Plaintiff is directed to file it to clarify the record.

IT IS SO ORDERED.

Dated:   November 8, 2018

_____
SENIOR DISTRICT JUDGE